UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CATAPULT LEARNING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV936-DJS |
| | ) |
| BOARD OF EDUCATION OF THE CITY | ) |
| OF ST. LOUIS, ST. LOUIS | ) |
| CHARTER SCHOOL, and | ) |
| SPECIAL ADMINISTRATIVE BOARD | ) |
| FOR THE TRANSITIONAL SCHOOL | ) |
| DISTRICT OF THE CITY OF | ) |
| ST. LOUIS, | ) |
| | ) |
| Defendants. | ) |

## ORDER

The matters now before the Court are defendant St. Louis Charter School's ("Charter") motion to dismiss Count II of plaintiff Catapult Learning, LLC's complaint [Doc. #19], and Charter's second motion to dismiss Count II of plaintiff's complaint [Doc. #46]. The matters have been fully briefed and are ready for disposition.

**Background**

On November 12, 2007, plaintiff filed a second amended complaint against defendant Board of Education of the City of St. Louis, defendant Special Administrative Board for the Transitional School District of the City of St. Louis, and Charter. Plaintiff alleges that it is owed $220,014.00 for educational services provided to Charter during the 2005-06 school year.[1] Plaintiff's

---

[1]Plaintiff filed its original complaint on May 9, 2007. Charter filed its first motion to dismiss pursuant to the original complaint and, after plaintiff filed a second amended complaint, Charter filed a

second amended complaint asserts two counts against Charter. Count I asserts a claim of breach of contract, and Count II asserts a claim of unjust enrichment. On November 29, 2007, Charter filed its second motion to dismiss Count II of plaintiff's complaint, arguing that Charter should be regarded as a school district or municipal corporation and, under Missouri law, cannot be sued for unjust enrichment.

**Standard of Review**

In considering a motion to dismiss a complaint for failure to state a claim, the Court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999). A motion to dismiss should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. Id. Thus, as a practical matter, a dismissal for failure to state a claim should be granted only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief. Id.

**Facts**

For purposes of these motions, the Court finds the following facts. Charter is a "charter school" located in St. Louis, Missouri. Pursuant to a written contract, Education

---

second motion to dismiss. Charter's two motions are essentially the same, and the Court will accordingly deny Charter's first motion to dismiss as moot.

- 2 -

Station, LLC provided supplemental educational services to Charter students during the 2005-06 school year, and was to receive $220,014.00 for such services. Plaintiff is a successor in interest to Education Station with respect to Education Station's right to receive and collect payments for the supplemental educational services that Education Station provided at Charter during the 2005-06 school year.

## Discussion

Plaintiff alleges that it is the successor of an entity that had an express contract with Charter, that services were provided to Charter pursuant to the contract, and that Charter has failed to pay for those services. However, in its motion to dismiss, Charter argues that under Missouri law plaintiff cannot maintain a claim of unjust enrichment against Charter, and that the Court should dismiss Count II of plaintiff's second amended complaint.

Missouri law controls this diversity case. Under Missouri law:

> No county, city, town, village, school township, school district or other municipal corporation shall make any contract, unless the same... including the consideration, shall be in writing...and shall be subscribed by the parties thereto...."

Mo. Rev. Stat. § 432.070. The purpose of this statute "is to protect the governmental entity upon which another seeks to impose or enforce some claimed contractual obligation or agreement...[and] is not for the protection of the person seeking to impose the

contractual agreement upon the governmental entity." Pub. Water Supply Dist. No. 16 v. City of Buckner, 44 S.W.3d 860, 864 (Mo. App. 2001). Specific to the case at hand, the statute has been interpreted by Missouri courts "to preclude recovery against a school district on any theory of implied contract." Mays-Maune & Assocs. v. Werner Bros., Inc., 139 S.W.3d 201, 208 (Mo. App. 2004) (citing Strain-Japan R-16 Sch. Dist. v. Landmark Sys., Inc., 51 S.W.3d 916, 922 (Mo. App. 2001)). "The fact that [a] school district has received the benefit of [a] plaintiff's performance does not make it liable on the theory of implied contract." Id. (citing Duckett Creek Sewer Dist. v. Golden Triangle Dev. Corp., 32 S.W.3d 178, 183 (Mo. App. 2000)). Even if a plaintiff has pled the existence of a contract with a school district, Missouri courts have concluded that a claim for unjust enrichment "is prohibited." Id.; see also St. Charles County v. A Joint Bd. or Comm'n, 184 S.W.3d 161, 165 (Mo. App. 2006) ("It is well settled law in Missouri that a contract made with a municipality in violation of the requirements in section 432.070 is void."). Accordingly, the Court must determine whether Charter, a "charter school," is a "county, city, town, village, school township, school district or other municipal corporation" as contemplated by Mo. Rev. Stat. § 432.070.

In general, a charter school is a school that "is a cross between a public and a private school." James E. Ryan and Michael Heise, The Political Economy of School Choice, 111 Yale L.J. 2043, 2073 (2002). Typically, such schools are "publicly funded,

- 4 -

tuition-free, nonsectarian...[and] operate pursuant to a contract between the school and the chartering agency...." Id. In a recent Missouri Court of Appeals decision, the court described Missouri charter schools as follows:

> Charter schools, which [can] operate without traditional bureaucratic and legal constraints and [can], perhaps, make more innovative and responsive curriculum changes, [are] seen as a possible benefit and a possible middle ground to traditional public schools and purely private schools.

State ex rel. Sch. Dist. of Kansas City, 141 S.W.3d 418, 422, 424 (Mo. App. 2004).

Charter schools are authorized by the Missouri Charter Schools Act ("MCSA"), Mo. Rev. Stat. § 160.400 et seq. Pursuant to the MCSA, a charter school is "an independent public school," and "may be sponsored by...[t]he school board of the district" in which the charter school is operated. Mo. Rev. Stat. § 160.400 (1), (2). Missouri case law dictates that the MCSA "must be narrowly construed." State ex rel. Sch. Dist. of Kansas City, 141 S.W.3d at 425 (emphasis added).

Under the MCSA, a charter school "shall be a Missouri nonprofit corporation...." Mo. Rev. Stat. § 160.400 (5) (emphasis added). Nevertheless, the MCSA further states that "[a]ny entity, either public or private, operating, administering, or otherwise managing a charter school shall be considered a quasi-public governmental body" subject to the provisions of Missouri's open meetings laws, and that "members of the governing board of the charter school shall be considered decision-making public

servants...for the purposes of [] financial disclosure requirements...." Mo. Rev. Stat. § 160.405 (12); Mo. Rev. Stat. § 160.400 (12) (emphasis added). Further, the MCSA provides that charter schools "shall...[e]xcept as provided in [the MCSA], be exempt from all laws and rules relating to schools, governing boards and school districts." Mo. Rev. Stat. § 160.405 (5).

Charter argues that, because charter schools are subject to Missouri's open meeting laws, and because members of the boards of charter schools are considered public servants for limited purposes, charter schools fall within the ambit of Mo. Rev. Stat. § 432.070. The Court disagrees. By statute, charter schools are entities that are exempt from <u>all</u> laws and rules relating to schools, governing boards, and school districts — <u>except those provided for in the MCSA</u>. While the MCSA explicitly contemplates subjecting charter schools to Missouri's open meeting laws and certain board members to the disclosure requirements of a public servant, the MCSA does not contemplate charter schools having the burden of complying with, or receiving the benefit of, Mo. Rev. Stat. § 432.070. Narrowly construing the MCSA, the Court finds that Mo. Rev. Stat. § 432.070 does not apply to Charter in this case, and plaintiff may maintain an unjust enrichment claim against Charter.

For the above-stated reasons,

**IT IS HEREBY ORDERED** that defendant St. Louis Charter School's motion to dismiss [Doc. #19] is denied as moot.

**IT IS FURTHER ORDERED** that defendant St. Louis Charter School's second motion to dismiss [Doc. #46] is denied.

Dated this  12th   day of February, 2008.

                                         /s/Donald J. Stohr
                                         UNITED STATES DISTRICT JUDGE